■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOVANNY RODRIGUEZ, Appellant. [622 NYS2d 243] —Judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered May 18, 1990, convicting defendant, after a jury trial, of grand larceny in the third degree, and sentencing her

to a term of six months and to restitution in the amount of $8,300, unanimously affirmed.

The People are required to announce their readiness for trial within six months of the commencement of a felony criminal action, in this case, within 181 days of January 4, 1989, when the felony complaint was filed, plus any periods of time excludable under CPL 30.30 (4) *(People v Sinistaj,* 67 NY2d 236, 239). We agree with the People that the three month period between January 5th and April 5th was excludable since the record establishes that defense counsel consented to such adjournments for the purpose of plea negotiations (CPL 30.30 [4] [b]; *cf., People v Brown,* 206, AD2d 326, 327). Only when those negotiations began to collapse did defense counsel attempt to ensure that any further delays would be charged to the People.

The seven day period between the time retained counsel was relieved and new counsel was appointed constituted a reasonable adjournment through no fault of the court and was, therefore, excludable (CPL 30.30 [4] [f]). In any event, since retained counsel requested the delay in order for a new attorney to be assigned while he was still representing defendant, the delay resulted from a continuance granted by the court at defense counsel's request.

Further, the delays occasioned by the complainant's inability to return to this country, because of a hurricane and his father's illness, constituted "exceptional circumstances" justifying their exclusion for CPL 30.30 (4) (g) purposes.

Since the People were chargeable with only 88 days, the motion to dismiss the indictment pursuant to CPL 30.30 was properly denied. Concur—Wallach, J. P., Rubin, Kupferman and Tom, JJ.