■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS QUINTANA, Appellant. [731 NYS2d 4] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J., on speedy trial motion; Frank Torres, J., at jury trial and sentence), rendered June 26, 1997, convicting defendant of two counts of assault in the first degree, and sentencing him to concurrent terms of 4 to 12 years, unanimously affirmed.

The verdict was not against the weight of the evidence. Issues of credibility, including the weight to be given the background of the complainant and the minor inconsistencies in his testimony, were properly considered by the trier of facts and there is no basis upon which to disturb its determinations.

Defendant was not deprived of a fair trial by two references to possible uncharged criminal activity that were too brief and vague to have had any impact on the jury (*see, People v Panzarino*, 282 AD2d 292). While some of the questions in cross-examination could be viewed as improper, we perceive no prejudice to defendant. Counsel's sole request was for a mistrial and for no other relief.

Defendant's speedy trial motion was properly denied. In a *pro se* motion, defendant merely asserted that he had not been brought to trial although 13 months and 2 days had elapsed since the commencement of the case. Defendant's papers contained no chronology of events or other information, and while counsel adopted the motion he made no further submissions. In response, the People made detailed submissions "identify[ing] the exclusions on which they intend[ed] to rely," but defendant did nothing to "identify any legal or factual impediments to the use of these exclusions" (*People v Luperon*, 85 NY2d 71, 78; *see also, People v Notholt*, 242 AD2d 251, 252). Accordingly, the court properly found, on the submissions before it, that the total amount of chargeable time did not exceed the statutory limit. Furthermore, upon our consideration

of all the factors set forth in *People v Taranovich* (37 NY2d 442), we conclude that defendant was not deprived of his constitutional right to a speedy trial. Concur—Rosenberger, J. P., Tom, Lerner, Rubin and Friedman, JJ.