■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ORTIZ, Also Known as RICHARD FIGUEROA, Appellant. [742 NYS2d 829] —Judgment, Supreme Court, New York County (Herbert Adlerberg, J., on first speedy trial motion; Colleen McMahon, J., on second speedy trial motion; Edward McLaughlin, J., at jury trial and sentence), rendered April 9, 1998, convicting defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5½ to 11 years, unanimously affirmed.

Since defendant failed to provide the minutes of the proceedings pertaining to his first CPL 30.30 claim, appellate review of such claim is precluded (*see, People v Olivo*, 52 NY2d 309, 320). In any event, based on the available record, we find that defendant's first speedy trial motion was properly denied.

The court also properly denied defendant's second speedy trial motion, addressing periods of delay that followed defendant's first trial, which had ended in a mistrial. The record supports the court's findings of excludability, including its findings that most of the adjournments at issue were at defendant's request or with his consent (*see, People v Cambridge*, 230 AD2d 649; *see also, People v Williams*, 278 AD2d 44, *lv denied* 96 NY2d 764). The People's readiness or lack of readiness during those periods is irrelevant, because "[w]here adjournments are allowed at defendant's request, those periods of delay are expressly waived in calculating the People's trial readiness, without the need for the People to trace their lack of readiness to defendant's actions" (*People v Kopciowski*, 68 NY2d 615, 617). In any event, there is no basis upon which to find that any of the People's declarations of readiness were illusory.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see, People v Walker*, 83 NY2d 455, 458-459).

The court properly denied defendant's request for a missing witness charge as to an unnamed officer who, according to defendant's testimony, purportedly planted drugs in defendant's pocket. In rebuttal, the People introduced testimony that there was no officer involved in this case who met the description provided in defendant's testimony. Since defendant failed to establish that this officer even existed, he therefore failed to establish that he was knowledgeable about a material issue in the case (*see, People v Dianda*, 70 NY2d 894). Concur—Mazzarelli, J.P., Lerner, Rubin, Marlow and Gonzalez, JJ.