■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL HARDEN, Appellant. [778 NYS2d 7]—

Judgment, Supreme Court, New York County (Renee White, J., on speedy trial motion; Harold Beeler, J., at jury trial and sentence), rendered April 25, 2001, convicting defendant of robbery in the first degree (two counts) and robbery in the second degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 20 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Issues of identification and credibility, including the weight to be given to inconsistencies in testimony and the victim's inability to identify defendant in court, were properly considered by the jury and there is no basis for disturbing its determinations (*see People v Gaimari*, 176 NY 84, 94

[1903]). The victim had ample opportunity to observe the robbers, the police found defendant in close spatial and temporal proximity to the crime with the knife in his pocket, and the record reveals a reasonable explanation for the differing descriptions of defendant's clothing.

Defendant's speedy trial claim is unreviewable because he failed to provide the minutes of the October 10 and 17, 2000 proceedings, which are material to his argument (*see People v Gonzalez*, 295 AD2d 264 [2002], *lv denied* 99 NY2d 535 [2002]; *People v Ortiz*, 295 AD2d 134 [2002]). In any event, based on the available record, we find that the victim's absence due to his mother's hospitalization in Pakistan constituted an exceptional circumstance under CPL 30.30 (4) (g) (*see People v Rodriguez*, 212 AD2d 368, 369 [1995], *lv denied* 85 NY2d 913 [1995]), and that the People were not required to demonstrate due diligence because no amount of diligence would have made the mother recover earlier (*see People v Mack*, 300 AD2d 254 [2002], *lv denied* 100 NY2d 540 [2003]).

The court properly admitted the victim's out-of-court identification of defendant, pursuant to CPL 60.25 (1) (a) (iii). The victim's answer to the court's question about whether he had a present recollection of the knife-wielding robber "permits the inference that the victim was unable to make an in-court identification due to lack of present recollection" (*People v Fermin*, 272 AD2d 247 [2000], *lv denied* 95 NY2d 905 [2000]).

Defendant's ineffective assistance of counsel claim is not reviewable on direct appeal because it is based on factual assertions outside the record, centering upon a document that is not part of the record on appeal. To the extent that the existing record permits review, we conclude that defendant received effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *People v Hobot*, 84 NY2d 1021, 1024 [1995]; *see also Strickland v Washington*, 466 US 668 [1984]).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Mazzarelli, J.P., Andrias, Sullivan, Friedman and Marlow, JJ.