■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS DANIELS, Appellant. [829 NYS2d 46]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J., on speedy trial motion; Joan C. Sudolnik, J., at jury trial and sentence), rendered August 3, 2004, convicting defendant of burglary in the second degree, grand larceny in the fourth degree (two counts), and criminal trespass in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 15 years, unanimously affirmed.

The court properly denied defendant's speedy trial motion. Regardless of how the motion was denominated, we treat it under the circumstances presented as a CPL 30.30 (1) motion to dismiss the indictment. Defendant's arguments that the People's proof of excludable time was insufficient and that the People failed to exercise due diligence in producing unavailable witnesses are unpreserved (*see e.g. People v Goode*, 87 NY2d 1045 [1996]), and we decline to reach them in the interest of justice. Were we to consider these contentions, we would find that the prosecutor's affirmation in opposition to defendant's CPL 30.30 motion was sufficient (*see e.g. People v Lacey*, 260 AD2d 309, 311-312 [1999], *lv denied* 93 NY2d 1003 [1999]), and that defendant's claims are unreviewable because he has not provided the minutes of the relevant adjournments (*see e.g. People v Ortiz*, 295 AD2d 134 [2002]). Since defendant failed to submit any reply papers below and therefore failed to challenge the People's explanations about witness unavailability, the motion court was entitled to exclude those periods (*see e.g. People v Quintana*, 287 AD2d 269 [2001], *lv denied* 97 NY2d 687 [2001]). In any event, even if the 21 days between January 23 and February 13, 2004 and the 37 days between April 21 and May 28, 2004 were charged to the People, the total time chargeable to the People would still be less than the applicable threshold.

Even though a surveillance videotape should have been excluded for lack of a sufficient foundation (*see People v Patterson*, 93 NY2d 80, 84-85 [1999]), the error was harmless in light of the overwhelming proof of defendant's guilt (*see People v Crimmins*, 36 NY2d 230 [1975]), which included, among other things, eyewitness testimony and physical evidence. Concur— Tom, J.P., Mazzarelli, Saxe and Catterson, JJ.