THIRD DEPARTMENT, APRIL, 2009

(April 2, 2009)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY V. BROWN, Appellant. [877 NYS2d 482]—

Kavanagh, J. Appeal from a judgment of the County Court of Rensselaer County (Nichols, J.), rendered February 21, 2008, upon a verdict convicting defendant of the crimes of stalking in the second degree, criminal contempt in the first degree and aggravated harassment in the second degree (two counts).

In August 2002, defendant was convicted after trial of numerous crimes, including stalking in the second degree, in connection with allegations that he had engaged in a repeated course of conduct that placed the victim in fear for her physical safety. He was later sentenced to concurrent prison terms totaling 2 to 4 years and an order of protection was issued directing that he have no direct or indirect contact with the victim for a period of seven years.* Five years later, after he had been released from prison, defendant ascertained the location of the victim's residence and used a nearby pay phone to place a telephone call to the unlisted telephone number at that residence. When the victim's husband answered, defendant identified himself as a former classmate of the victim named "Thomas" and asked to speak to her. Upon hearing the victim tell her husband that she did not know someone by that name, defendant immediately hung up the phone and left the area. Using caller ID, the victim's husband was able to locate the pay phone from which the call had been made and found that it was monitored by a surveillance camera. The police were contacted and, upon viewing the tape from the camera, determined that defendant had made the telephone call. He was subsequently arrested and, while in custody, admitted placing the call to the victim's residence.

An indictment was subsequently filed charging defendant with the crimes of stalking in the second degree, criminal contempt in the first degree and two counts of aggravated harassment in the second degree. Following a jury trial, defendant was convicted as charged and sentenced to prison terms of

---

* The judgment of conviction for those prior charges was affirmed (*People v Brown*, 13 AD3d 667 [2004], *lv denied* 4 NY3d 742 [2004]).

2 to 4 years on the stalking and contempt convictions, and one year for each aggravated harassment conviction, all of which were ordered to run concurrently. Defendant now appeals.

Defendant initially contends that the convictions for stalking and aggravated harassment were not supported by legally sufficient evidence. We disagree. "When considering a challenge to the legal sufficiency of the evidence, we view the evidence in the light most favorable to the People and will not disturb the verdict if the evidence demonstrates a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury" (*People v Maricevic*, 52 AD3d 1043, 1044 [2008], *lv denied* 11 NY3d 790 [2008] [citations omitted]; *see People v Thompson*, 72 NY2d 410, 413 [1988]; *People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Hall*, 57 AD3d 1222, 1225 [2008]; *People v McCowan*, 45 AD3d 888, 889 [2007], *lv denied* 9 NY3d 1007 [2007]). Obviously, the evidence submitted in support of each charge must be viewed in the context of the prior relationship that existed between defendant and the victim and the fact that, at the time he made the telephone call, defendant had been convicted of a serious crime as a result of his ongoing obsession with the victim. Here, given this history, defendant had to have known that any attempt on his part to contact the victim would have no legitimate purpose and, at the very minimum, would serve to harass and annoy her. This conclusion is reinforced by how defendant identified himself at the outset of the call, as well as the manner in which he abruptly ended the conversation and left the scene before ever talking to the victim. Moreover, there can be no doubt that once the victim realized that it was defendant who placed the call, even absent some express threat directed at her, she had legitimate and well-founded fears for her physical safety. As such, the convictions for stalking and aggravated harassment were supported by legally sufficient evidence and do not, contrary to defendant's claim, impact any constitutional right that he might otherwise have had under the First Amendment (*see generally People v Shack*, 86 NY2d 529, 535 [1995]; *People v Brown*, 13 AD3d 667, 668 [2004], *lv denied* 4 NY3d 742 [2004]).

We do not, however, arrive at the same conclusion as to the legal sufficiency of the evidence submitted in support of defendant's conviction for criminal contempt in the first degree. To obtain a conviction for this crime, the People were required to present evidence that defendant, when he made this telephone call, did so with the intent to place the victim "in reasonable fear of physical injury, serious physical injury or death" (Penal Law § 215.51 [b] [ii], [iii]). Here, while there is no doubt that

defendant telephoned the victim's residence, there was nothing in what he said or did when making that telephone call that carried with it an actual or implied threat that he would physically harm her. While defendant should have known that the victim did not want to have any contact with him and that the call could well be upsetting to her, it does not necessarily follow that defendant, when he made the call, intended to place the victim in reasonable fear for her physical safety. Without such evidence, the evidence is legally insufficient and his conviction for criminal contempt in the first degree cannot stand (*see People v VanDeWalle*, 46 AD3d 1351, 1353 [2007], *lv denied* 10 NY3d 845 [2008]; *People v Demisse*, 24 AD3d 118, 119 [2005], *lv denied* 6 NY3d 833 [2006]). We are, however, empowered with the authority to reduce the conviction to criminal contempt in the second degree (*see* CPL 470.15 [2] [a]), as the evidence is legally sufficient to show that, despite having knowledge of the order of protection, he engaged in an intentional disobedience to that lawful mandate (*see* Penal Law § 215.50).

We also find that County Court committed reversible error when it refused defendant's request that the jury be instructed that to convict him of the crime of stalking in the second degree, it must be proven beyond a reasonable doubt that defendant, within five years, had been previously convicted of stalking in the second degree involving the same victim (*see* Penal Law § 120.55 [2]). Clearly, "all the elements of an indicted crime which are not conceded by defendant or defendant's counsel must be charged" (*People v Flynn*, 79 NY2d 879, 881 [1992]). Here, even though the proof submitted by the People undoubtedly established the existence of this prior conviction, defendant had the right to refuse to stipulate to it and, therefore, it was an element of the crime that the jury had to be satisfied was proven beyond a reasonable doubt for there to be a valid conviction. County Court's ruling that the existence of the prior conviction was "not an element for [the jury] to determine" and the court's refusal to submit it to the jury as part of its deliberations constituted reversible error and requires that a new trial be conducted on this charge (*see People v Haddock*, 48 AD3d 969, 971 [2008]; *People v Cotterell*, 7 AD3d 807, 808 [2004]).

Even if we were to conclude that defendant's remaining contentions had merit, they would not constitute reversible error (*see People v Daniels*, 36 AD3d 502, 503 [2007], *lv denied* 9 NY3d 842 [2007]).

Cardona, P.J., Rose, Kane and Stein, JJ., concur. Ordered that the judgment is modified, on the law, by reversing defendant's conviction of stalking in the second degree under count one of

the indictment and by reducing defendant's conviction of criminal contempt in the first degree under count two of the indictment to criminal contempt in the second degree; vacate the sentences imposed on said convictions and matter remitted to the County Court of Rensselaer County for a new trial on count one and resentencing on count two; and, as so modified, affirmed.

