# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

918
KA 11-02612
PRESENT: CENTRA, J.P., CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

DANIEL UBBINK, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MARIA MALDONADO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered April 21, 2011. The judgment convicted defendant upon a jury verdict, of criminal contempt in the first degree, stalking in the third degree and resisting arrest.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reducing the conviction of criminal contempt in the first degree (Penal Law § 215.51 [b] [ii]) to criminal contempt in the second degree (§ 215.50 [3]) and vacating the sentence imposed on count one of the indictment and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Onondaga County, for sentencing on the conviction of criminal contempt in the second degree.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminal contempt in the first degree (Penal Law § 215.51 [b] [ii]) and stalking in the third degree (§ 120.50 [4]). Contrary to the contention of the People, we conclude that defendant's challenge to the legal sufficiency of the evidence with respect to those crimes is preserved for our review (*see People v Payne*, 3 NY3d 266, 273), and we further conclude that the evidence is legally insufficient to support the conviction of criminal contempt in the first degree (*see generally People v Bleakley*, 69 NY2d 490, 495). The evidence presented at trial does not establish that defendant intentionally placed or attempted to place the victim in reasonable fear of physical injury, "let alone 'serious physical injury or death' " (*see People v Demisse*, 24 AD3d 118, 119, *lv denied* 6 NY3d 833). Defendant went to the victim's residence, but the evidence does not establish that his words or actions while he was there constituted an actual or implied threat of physical harm to the victim. "While defendant should have known that the victim did not want to have any contact with him and that the [visit] could well be upsetting to her,

it does not necessarily follow that defendant, when he made the [visit], intended to place the victim in reasonable fear for her physical safety.  Without such evidence, the evidence is legally insufficient and his conviction for criminal contempt in the first degree cannot stand" (*People v Brown*, 61 AD3d 1007, 1010).

We further conclude, however, that there is legally sufficient evidence to sustain a conviction of the lesser included offense of criminal contempt in the second degree (Penal Law § 215.50 [3]) inasmuch as the evidence established that, despite having knowledge of the order of protection, defendant intentionally disobeyed it (*see Brown*, 61 AD3d at 1010).  We therefore modify the judgment by reducing defendant's conviction of criminal contempt in the first degree to criminal contempt in the second degree and vacating the sentence imposed on count one of the indictment (*see* CPL 470.15 [2] [a]), and we remit the matter to Supreme Court for sentencing on the conviction of criminal contempt in the second degree (*see* CPL 470.20 [4]).

We reject defendant's contention that the evidence is not legally sufficient to support the conviction of stalking in the third degree. The evidence submitted in support of that crime "must be viewed in the context of the prior relationship that existed between defendant and the victim" (*Brown*, 61 AD3d at 1009).  Here, defendant had been previously convicted of stalking as a result of his fixation with the victim such that he "had to have known that any attempt on his part to contact [her] would have no legitimate purpose and, at the very minimum, would serve to harass and annoy her[,] . . . [and that,] even absent some express threat directed at her, she [would have] legitimate and well-founded fears for her physical safety" if he visited her residence (*id.*).  Contrary to defendant's contention, we further conclude that the evidence established the necessary element of a course of conduct, i.e., a series of acts "evidencing a continuity of purpose" (*People v Payton*, 161 Misc 2d 170, 174), for stalking in the third degree.  Thus, viewing the evidence in the light most favorable to the People, we conclude that the evidence demonstrates a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury with respect to that crime (*see Bleakley*, 69 NY2d at 495).

Finally, viewing the evidence in light of the elements of the crime of stalking in the third degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence with respect to that crime (*see generally Bleakley*, 69 NY2d at 495).

Entered:  September 26, 2014

Frances E. Cafarell
Clerk of the Court