People v Barnett (2018 NY Slip Op 00968)





People v Barnett


2018 NY Slip Op 00968


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


57 KA 17-01314

[*1]THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
v
DEYONTAY BARNETT, DEFENDANT-RESPONDENT. 






JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (JULIE BENDER FISKE OF COUNSEL), FOR APPELLANT. 
THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-RESPONDENT.


 Appeal from an order of the Erie County Court (James A.W. McLeod, A.J.), dated April 12, 2017. The order granted defendant's motion to dismiss the superceding indictment. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law, the motion is denied, the superseding indictment is reinstated and the matter is remitted to Erie County Court for further proceedings on the superseding indictment.
Memorandum: The People appeal from an order granting defendant's motion to dismiss the superseding indictment on statutory speedy trial grounds. This case arises from the discovery of a .45 caliber pistol in defendant's apartment by parole officers while they were conducting a home visit and curfew check at defendant's residence. Defendant was originally indicted for criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Following an examination of the grand jury minutes, County Court (DiTullio, J.) determined that the proceedings were defective and granted that part of defendant's omnibus motion seeking to dismiss the indictment. By superseding indictment filed the same day as the dismissal of the original indictment, defendant was charged with criminal possession of a weapon in the third degree (§ 265.02 [1]). Defendant thereafter moved to dismiss the superseding indictment on statutory speedy trial grounds. We agree with the People that County Court (McLeod, A.J.) erred in granting that motion inasmuch as the statutory speedy trial period had not expired.
Where, as here, the defendant is charged with a felony, the People must announce readiness for trial within six months of the commencement of the action (see CPL 30.30 [1] [a]; People v Cooper, 90 NY2d 292, 294 [1997]). The statutory period is calculated by "computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for exclusion" (People v Cortes, 80 NY2d 201, 208 [1992]).
Here, there is no dispute that the statutory speedy trial period was 183 days, and that the 164-day period before the People announced their readiness for trial at defendant's arraignment on May 26, 2016 was prereadiness delay that is chargeable to the People. Thus, at the time of defendant's arraignment, 19 days remained on the speedy trial clock. The period from May 26 to January 11, 2017 is excluded from the speedy trial calculation as delay attributable to the filing of motions by defendant and suppression hearings (see CPL 30.30 [4] [a]). Defendant's speedy trial motion was based on the People's inability to proceed on January 11, 2017, the third day of defendant's scheduled suppression hearings, because of the temporary unavailability of their witness. The People advised the court and defendant that the witness's father was undergoing surgery that day, and that the witness would be available to testify the next day, January 12, 2017. Despite the People's request for a one-day continuance of the hearings, the court urged the [*2]parties to "work out a middle ground" and directed them to return to court with an update on February 2, 2017. On February 2, 2017, defendant rejected the plea offer, and the court rescheduled the continuation of the hearings.
In granting defendant's motion to dismiss the superseding indictment, the court charged to the People the entire 22-day period from January 11, 2017 to February 2, 2017. That was error. We agree with the People that a witness's one-day unavailability while her father is undergoing heart surgery is an excludable delay that was "occasioned by exceptional circumstances" (CPL 30.30 [4] [g]; see e.g. People v Harden, 6 AD3d 181, 182 [1st Dept 2004], lv denied 3 NY3d 641 [2004]; People v Lopez, 2 AD3d 234, 234 [1st Dept 2003], lv denied 2 NY3d 742 [2004]; People v Rodriguez, 212 AD2d 368, 369 [1st Dept 1995], lv denied 85 NY2d 913 [1995]). Moreover, the ensuing 21-day adjournment until February 2, 2017 was attributable to the court and not chargeable to the People (see People v Goss, 87 NY2d 792, 798 [1996]), inasmuch as the People had requested a one-day adjournment and "any period of an adjournment in excess of that actually requested by the People is excluded" (People v Hernandez, 92 AD3d 802, 803 [2d Dept 2012], lv denied 19 NY3d 961 [2012]). We reject defendant's contention that the period of adjournment resulted from nonfeasance or lack of due diligence by the People.
We further agree with the People that the court erred in charging to them the three-day period beginning February 21, 2017 through February 23, 2017, and we reject defendant's contention that the court erred in not charging to the People the entire period from February 15, 2017 to February 23, 2017. Those days were not postreadiness delay inasmuch as the People were ready for trial on January 12, 2017, and the original indictment was not dismissed until February 23, 2017.
The record, however, establishes that the court erroneously excluded from the time chargeable to the People an eight-day period between the dismissal of the original indictment on February 23, 2017 and the People's declaration of readiness to proceed on the superseding indictment on March 3, 2017. Although the court determined that the People announced their readiness to proceed upon the filing of the superseding indictment on February 23, 2017, based on the record before us, we conclude that those eight days must be charged to the People. Thus, at the time of defendant's motion, there were 11 days remaining in the statutory speedy trial period.
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court