People v Brower (2019 NY Slip Op 06789)





People v Brower


2019 NY Slip Op 06789


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-10767
 (Ind. No. 16-01168)

[*1]The People of the State of New York, respondent,
v
James Brower, appellant.


Clare J. Degnan, White Plains, NY (Debra A. Cassidy of counsel), for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Brian R. Pouliot, William C. Milaccio, and Steven A. Bender of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Susan Cacace, J.), rendered September 5, 2017, as amended September 18, 2017, convicting him of burglary in the second degree as a sexually motivated felony, forcible touching, and stalking in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.
ORDERED that the judgment, as amended, is affirmed.
We agree with the hearing court's determination denying that branch of the defendant's omnibus motion which was to suppress identification evidence. The pretrial showup and photo array identifications of the defendant were reasonable under the circumstances, and the procedures employed were not unduly suggestive (see People v Slattery, 147 AD3d 788; People v Mack, 135 AD3d 962, 963; People v Redding, 132 AD3d 700; People v Ervine, 118 AD3d 910, 911; People v Green, 107 AD3d 915, 916; People v Boria, 279 AD2d 585, 586).
Contrary to the defendant's contention, the trial court providently exercised its discretion in denying his challenges for cause to two prospective jurors. The statements made by the two prospective jurors did not indicate that they had "a state of mind that [was] likely to preclude [them] from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20[1][b]; see People v Glover, 69 AD3d 877, 878; People v Smith, 48 AD3d 489; People v Archer, 210 AD2d 241).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish, beyond a reasonable doubt, the defendant's guilt of burglary in the second degree as a sexually motivated felony and stalking in the third degree (see People v Pendarvis, 143 AD3d 1275; People v Ubbink, 120 AD3d 1574, 1575-1576; People v Judware, 75 AD3d 841; People v Brandel, 30 Misc 3d 134[A], 2011 NY Slip Op 50082[U]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight [*2]of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those counts was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed upon the defendant's conviction of burglary in the second degree as a sexually motivated felony was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
SCHEINKMAN, P.J., HINDS-RADIX, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court