People v Richards (2022 NY Slip Op 50196(U))

[*1]

People v Richards (Dwayne)

2022 NY Slip Op 50196(U) [74 Misc 3d 133(A)]

Decided on March 15, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 15, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Brigantti, Hagler, JJ.

570111/17

 The People of the State of New York,
Respondent,
against
Dwayne Richards, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx
County (Julio Rodriguez III, J. at speedy trial motion; Mary V. Rosado, J., at trial and
sentencing), rendered January 25, 2017, after a nonjury trial, convicting him of harassment in the
second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Julio Rodriguez III, J. at speedy trial motion; Mary V. Rosado, J. at
trial and sentencing), rendered January 25, 2017, affirmed.
The motion court properly denied defendant's CPL 30.30 speedy trial motion. The 21 day
period at issue - April 20, 2015 to May 11, 2015 - was correctly excluded as "occasioned by
exceptional circumstances" (CPL 30.30[4][g]; see People v Goodman, 41 NY2d 888, 889
[1977]). The record, including the supplemental papers requested by the Court, sufficiently
establishes the unavailability of the complaining witness' attorney - retained by complainant in a
pending criminal prosecution against her - because of the terminal illness and immediate death of
counsel's daughter, which constituted an exceptional circumstance (see People v Harden,
6 AD3d 181 [2004], lv denied 3 NY3d 641 [2004]; People v Rodriguez, 212
AD2d 368 [1995], lv denied 85 NY2d 913 [1995]). As Criminal Court (Julio Rodriguez
III, J.) recognized:
"'no amount of diligence' on the[] part of the People would have alleviated the
family emergency or made the complaining witness available under these circumstances ...
Contrary to defendant's argument, [] the complaining witness' privately retained defense counsel
was not fungible and could not have simply been replaced. Furthermore, in order for the
complaining witness, who was a defendant in another prosecution, to make an informed decision
on whether she should testify in the instant case without counsel present, she would need to
consult with her attorney who was, by defense counsel's own admission, unavailable."
The verdict convicting defendant of second degree harassment
(see Penal Law § 240.26[1]) was not against the weight of the evidence (see
People Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis upon which to disturb the
trial court's determinations concerning credibility, including its resolution of minor
inconsistencies in testimony. The evidence, including photographs of the victim's injuries and the
arresting officer's testimony, established that defendant threatened to kill the complainant during
a domestic dispute, then pushed her to the ground and hit her before dragging her to a bedroom
and choking her (see People v Mack, 76 AD3d 467 [2010], lv denied 15 NY3d
922 [2010]; People v Correa, 75 AD3d 478 [2010], lv denied 15 NY3d 892
[2010]). The fact that the court acquitted defendant on other charges does not require a different
conclusion (see People v Gutierrez, 91 AD3d 491 [2012]). 
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: March 15, 2022