■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES F. CAHILL, III, Appellant. [847 NYS2d 796]—

Appeal from a resentence of the Onondaga County Court (Anthony F. Aloi, J.), rendered January 14, 2004. Defendant was resentenced upon his conviction of murder in the second degree, assault in the first degree and criminal possession of a weapon in the fourth degree (two counts).

It is hereby ordered that the resentence so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a resentence imposed by County Court upon remittal from the Court of Appeals, which reduced defendant's conviction of murder in the first degree to murder in the second degree and vacated the death sentence (*People v Cahill*, 2 NY3d 14 [2003]). We reject the contention of defendant in his main brief and pro se supplemental brief that the resentence is presumptively vindictive. The threshold issue in evaluating whether a resentence is vindictive is whether the resentence is more severe than that originally imposed (*see generally People v Young*, 94 NY2d 171, 176 [1999], *rearg denied* 94 NY2d 876 [2000]; *People v Van Pelt*, 76 NY2d 156 [1990]), and here it cannot be gainsaid that the death penalty originally imposed was more severe than the consecutive terms of imprisonment imposed on resentencing. We reject the further contention of defendant in his pro se supplemental brief that, pursuant to Penal Law § 70.25 (1), the failure of the original sentencing court to specify whether the death sentences were consecutive to the sentence of imprisonment imposed for the assault count rendered the sentences concurrent by operation of law, and thus bound the resentencing court to impose only concurrent sentences. Because a sentence of death can be neither concurrent nor consecutive to a sentence of imprisonment, the original sentencing court did not address the issue now raised by defendant. In any event, Penal Law § 70.25 (2-b) requires that the sentences for murder and assault in this case run consecutively. The Court of Appeals remitted the matter to County Court to resentence defendant on all counts (*Cahill*, 2 NY3d at 72), and the court properly imposed consecutive sentences that were consistent with Penal Law § 70.25 (2-b). Present—*Scudder*, P.J., Hurlbutt, Lunn, Fahey and Pine, JJ.