Appeal from a judgment of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered July 28, 2006. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree.
It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Niagara County Court for resentencing.
Memorandum: Defendant appeals from a judgment convicting *1174 him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [1]). We previously reversed the judgment convicting defendant of murder in the second degree (§ 125.25 [3]) and robbery in the first degree and granted defendant a new trial on those counts (People v Rogers, 16 AD3d 1101 [2005]), and the judgment now on appeal is the result of the retrial. Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction inasmuch as his motion for a trial order of dismissal was not “ ‘specifically directed’ at the alleged error” advanced on appeal (People v Gray, 86 NY2d 10, 19 [1995]). In any event, that contention is without merit (see generally People v Bleakley, 69 NY2d 490, 495 [1987]), and we reject defendant’s further contention that the verdict is against the weight of the evidence (see generally id,.). Defendant further contends that the verdict is inconsistent because he was acquitted of felony murder. Defendant failed to raise that contention before the jury was discharged and thus failed to preserve his contention for our review (see People v Griffin, 48 AD3d 1233, 1234 [2008], lv denied 10 NY3d 840 [2008]; see generally People v Carter, 7 NY3d 875, 876 [2006]). In any event, we conclude that it is without merit (see People v Trotter, 255 AD2d 925, 926 [1998], lv denied 93 NY2d 980 [1999]).
We agree with defendant, however, that County Court erred in increasing his sentence after the retrial. Following the first trial, defendant was sentenced to a determinate term of imprisonment of 20 years on the robbery count and an indeterminate term of imprisonment of 20 years to life on the murder count, but he was sentenced to a determinate term of imprisonment of 25 years on the robbery count following the retrial. “The threshold issue in evaluating whether a resentence is vindictive is whether the resentence is more severe than that originally imposed” (People v Cahill, 46 AD3d 1455,1456 [2007]; see generally People v Young, 94 NY2d 171, 176-177 [1999], rearg denied 94 NY2d 876 [2000]; People v Van Pelt, 76 NY2d 156, 159-160 [1990]), and a determinate sentence of 25 years is of course more severe than one of 20 years. Other factors that give rise to a presumption of vindictiveness are that the court imposed a greater sentence following the retrial despite the absence of any new information concerning defendant (see Van Pelt, 76 NY2d at 161), and, although defendant was acquitted of the murder count, the court stated at sentencing that it “felt constrained to impose the sentence because a death was involved.” We further conclude that “[t]he record is devoid of any objective information sufficient to rebut the presumption of vindictiveness that arose from the court’s imposition of a *1175 sentence greater than that imposed after the initial conviction” (People v Jenkins, 38 AD3d 566, 567-568 [2007], lv denied 8 NY3d 986 [2007]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing. Present—Martoche, J.P, Smith, Centra, Peradotto and Pine, JJ.