▮ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY BROWN, Appellant. [910 NYS2d 209]—

Kavanagh, J. Appeal from a judgment of the County Court of Rensselaer County (Nichols, J.), rendered August 26, 2009, upon a verdict convicting defendant of the crime of stalking in the second degree.

In 2009, this Court reversed defendant's prior conviction of stalking in the second degree and remitted the matter to County Court for a new trial (*People v Brown*, 61 AD3d 1007, 1008 [2009]).[1] Upon defendant's retrial, he was again found guilty of stalking in the second degree, adjudicated a persistent felony offender and sentenced to a prison term of 15 years to life. De-

---

1. In the same opinion, this Court affirmed defendant's conviction for aggravated harassment in the second degree and reduced his contempt conviction to criminal contempt in the second degree.

fendant now appeals, arguing that County Court committed reversible error by refusing to submit to the jury the charge of stalking in the fourth degree as a lesser included offense and deprived him of due process by imposing a sentence that was not only more severe than what he received after his first trial, but inherently harsh and excessive.

A lesser offense, if requested, must be submitted to a jury for its deliberations if a reasonable view of the evidence supports the conclusion that the defendant committed the lesser offense but not the greater and the defendant could not have committed the greater offense without committing the lesser (*see* CPL 1.20 [37]; *People v Miller*, 6 NY3d 295, 302 [2006]; *People v Beauharnois*, 64 AD3d 996, 1000 [2009], *lv denied* 13 NY3d 834 [2009]; *People v Fairley*, 63 AD3d 1288, 1289 [2009], *lv denied* 13 NY3d 743 [2009]; *People v Ogborn*, 55 AD3d 1054, 1056 [2008], *lv denied* 12 NY3d 761 [2009]; *People v Ryan*, 55 AD3d 960, 964 [2008]). Here, defendant could only have been convicted of stalking in the second degree if the jury found that he "intentionally engage[d] in a course of conduct . . . which is likely to cause [the victim] to reasonably fear physical injury or serious physical injury" (Penal Law § 120.50 [3]; *see* Penal Law § 120.55 [2]), and there is no requirement that discernable injury of any kind be actually caused by defendant's conduct. Stalking in the fourth degree as it relates to this prosecution requires that defendant's conduct actually causes "material harm to the mental or emotional health of [a] person" and, as such, is not necessarily committed when all of the relevant elements of stalking in the second degree have been proven (Penal Law § 120.45 [2]). As a result, stalking in the fourth degree was not a lesser included offense, and County Court correctly refused to submit it to the jury for its consideration.

We are persuaded, however, by defendant's argument with regard to County Court's decision to impose a life sentence on defendant after his second trial. After defendant's first trial, County Court sentenced him on all the crimes for which he was convicted to an aggregate term of imprisonment that did not exceed four years. After his conviction for stalking in the second degree was reversed on appeal (61 AD3d at 1008), a new trial was held on that charge and, on essentially the same evidence, defendant was once again convicted. The prosecution then filed an application that defendant be adjudicated a persistent felony offender and, after a hearing resulted in such an adjudication, County Court sentenced defendant to a prison term of 15 years to life. Defendant claims—and we reluctantly agree—that no new evidence was presented during this second trial that would

warrant such a dramatic increase in his sentence, and that essentially all that appears to have occurred between his two trials is that his initial conviction for stalking in the second degree was reversed. It is undisputed that essentially the same evidence was used against defendant on the retrial—and while defendant was adjudicated a persistent felony offender after his second trial, the criminal record that led to that finding was in the possession of the District Attorney and fully before County Court when it imposed the initial four-year sentence (*see People v Cahill*, 46 AD3d 1455, 1456 [2007], *lv denied* 11 NY3d 830 [2008]; *see generally People v Young*, 94 NY2d 171, 176-177 [1999]; *People v Van Pelt*, 76 NY2d 156, 159-160 [1990]).

"In order to ensure that defendants are not being penalized for exercising their right to appeal, a presumption of [institutional] vindictiveness generally arises when defendants who have won appellate reversals are given greater sentences after their retrials than were imposed after their initial convictions" (*People v Hilliard*, 49 AD3d 910, 914 [2008] [internal quotation marks and citations omitted], *lv denied* 10 NY3d 959 [2008]; *accord People v Young*, 94 NY2d at 176). To overcome the presumption, the reasons for the enhanced sentence must be placed on the record, and "be based on objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding" (*People v Young*, 94 NY2d at 176-177).

Here, County Court's decision to increase defendant's sentence from four years in prison to life imprisonment is undoubtedly based upon its finding entered after his second trial that he is a persistent felony offender. However, the District Attorney, apparently at the court's request, filed a similar application during defendant's first trial, then withdrew it without explanation prior to sentence being imposed. The District Attorney now explains for the first time that it decided to settle for a sentence significantly less than life imprisonment because of concerns that the persistent felony offender statute was unconstitutional. In that regard, we note that even if the District Attorney's concerns regarding the constitutionality of this statute were justified—and the statute was, in fact, later found to be unconstitutional—the obvious remedy would have been for defendant to be returned to County Court and a new sentence imposed.[2] The District Attorney does not represent that he was unable to pursue persistent felony offender status for defendant

---

**2.** At the time of defendant's initial sentencing, the Court of Appeals had already upheld the constitutionality of the persistent felony offender statute (*see People v Rivera*, 5 NY3d 61 [2005], *cert denied* 546 US 984 [2005]; *People*

at the first trial or that information critical to that effort only became available after the application was withdrawn and sentence was first imposed. Under the circumstances, the disparity between the two sentences only serves to reinforce the perception that defendant is, in fact, being punished for prosecuting a successful appeal of his first conviction. Therefore, the sentence as imposed must be vacated and the matter remitted for resentencing consistent with this decision.

Spain, J.P., Lahtinen, Stein and Garry, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Rensselaer County for resentencing; and, as so modified, affirmed.

v Rosen, 96 NY2d 329 [2001], cert denied 534 US 899 [2001]; see also People v West, 5 NY3d 740 [2005], cert denied 546 US 987 [2005]).