# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

847

KA 12-00847

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

BRENDAN J. RHODES, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

KEITH A. SLEP, DISTRICT ATTORNEY, BELMONT, FOR RESPONDENT.

---

Appeal from a resentence of the Allegany County Court (Thomas P. Brown, J.), rendered February 10, 2012. Defendant was resentenced upon his conviction of robbery in the first degree.

It is hereby ORDERED that the resentence so appealed from is unanimously modified on the law by reducing the sentence of incarceration imposed for robbery in the first degree to a determinate term of incarceration of 12 years and as modified the resentence is affirmed.

Memorandum: Defendant was convicted following a plea of guilty of robbery in the first degree (Penal Law § 160.15 [4]) and was sentenced to, inter alia, a determinate term of incarceration of 12 years and was ordered to pay restitution. On the appeal from that judgment, we vacated the sentence on the grounds that restitution had not been a part of the plea agreement and County Court erred in failing to conduct a hearing to determine the amount of restitution (*People v Rhodes*, 91 AD3d 1280, 1281, *lv granted* 19 NY3d 1028). We remitted the matter to County Court "to impose the promised sentence or to afford defendant the opportunity to withdraw his plea" (*id.*). On remittal, the court resentenced defendant to, inter alia, a determinate term of incarceration of 15 years. On this appeal from the resentence, defendant contends that the increased sentence of incarceration was impermissibly vindictive, and we agree.

"In order to ensure that defendants are not being penalized for exercising their right to appeal, 'a presumption of [institutional] vindictiveness generally arises when defendants who have won appellate reversals are given greater sentences . . . than were imposed after their initial convictions' " (*People v Hilliard*, 49 AD3d 910, 914, *lv denied* 10 NY3d 959, quoting *People v Young*, 94 NY2d 171, 176, *rearg denied* 94 NY2d 876; *see generally People v Van Pelt*, 76 NY2d 156, 159-160). "The threshold issue in evaluating whether a resentence is

vindictive is whether the resentence is more severe than that originally imposed" (*People v Cahill*, 46 AD3d 1455, 1456, *lv denied* 11 NY3d 830; *see People v Rogers*, 56 AD3d 1173, 1174, *lv denied* 12 NY3d 787; *see generally Van Pelt*, 76 NY2d at 159-160).  In order to justify an increased sentence, a court must set forth its reasons, and " '[t]hose reasons must be based upon objective information *concerning identifiable conduct on the part of the defendant occurring **after** the time of the original sentencing proceeding*' " (*Van Pelt*, 76 NY2d at 159 [additional emphasis added]).

The court here justified the increase in the term of incarceration by stating that defendant was "*still* not taking full responsibility for [his] actions, and [was] minimizing the serious nature of th[e] crime" (emphasis added).  We reject that justification.  Although defendant admitted the facts of the crime during his plea allocution, the original presentence investigation report (PSR) indicated that defendant asserted his innocence, questioned the veracity of the prosecutor's witnesses and apparently lied about how he came into possession of the firearm when he was interviewed for that report.  The original PSR also noted that defendant had been the subject of numerous disciplinary infractions while he was in custody pending the resolution of the criminal proceeding.  When he appeared for sentencing, defendant admitted that he had a drug problem, that he had "made a lot of mistakes" and that he suffered from bipolar disorder.

Following our remittal, the court ordered an update to the PSR.  During his interview for that report, defendant again admitted his conduct but questioned whether he deserved the 12-year sentence of incarceration that the court had previously imposed.  The updated PSR also noted that defendant had not had any disciplinary infractions since his original sentence was imposed.  In our view, "[t]he record is devoid of any objective information sufficient to rebut the presumption of vindictiveness that arose from the court's imposition of a sentence greater than that imposed after the initial conviction" (*People v Jenkins*, 38 AD3d 566, 567-568, *lv denied* 8 NY3d 986; *see Rogers*, 56 AD3d at 1174-1175; *People v Moye*, 4 AD3d 488, 489, *lv denied* 2 NY3d 803).  We therefore modify the resentence by reducing the sentence of incarceration imposed for robbery in the first degree to a determinate term of 12 years.

Entered:  September 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court