[68 NE3d 1228, 46 NYS3d 497]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
IMMANUEL FLOWERS, Appellant.

Argued November 15, 2016; decided December 22, 2016

## POINTS OF COUNSEL

*Seymour W. James, Jr., The Legal Aid Society*, New York City (*Lawrence T. Hausman* of counsel), for appellant.

538

*Eric Gonzalez, Acting District Attorney*, Brooklyn (*Avshalom Yotam, Leonard Joblove* and *Victor Barall* of counsel), for respondent.

**OPINION OF THE COURT**

GARCIA, J.

In this case, defendant Immanuel Flowers argues that the trial court erred by reimposing an identical sentence following his successful appeal. We disagree and hold, in the context of defendant's ineffective assistance claim, that defense counsel's failure to challenge defendant's resentencing did not render her performance constitutionally deficient.

Defendant was arrested in connection with a shooting. He was later charged with eight counts: attempted murder, four counts of assault, and three counts of criminal possession of a weapon. At trial, eyewitnesses testified that defendant and another individual were wrestling with a gun and, although none of the witnesses observed the shooting, gunshots were heard and defendant was seen running from the scene, tossing the gun, and fleeing in a car. The other individual, who did not testify at trial, sustained a gunshot wound to the leg.

At the close of the People's case, defendant moved to dismiss the charges. The trial court denied the motion with respect to

the three weapon possession counts, but granted it with respect to the attempted murder and four assault counts based on a lack of prima facie proof of intent to cause death or physical injury. Specifically, the court held that the People had presented sufficient evidence "that the defendant had a gun and that the defendant's gun was the one that fired the shots that resulted in the injury to the complainant," but that there was "no evidence at all . . . regarding the intent of the defendant." The trial court ultimately submitted one count to the jury: criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). The jury convicted defendant.

Defendant was sentenced, as a persistent violent felony offender, to 20 years to life in prison. In imposing the sentence, the court noted that, because of his "substantial criminal record of violence," defendant had "a very poor prognosis as far as his ability to function in the community." The court also noted "the impact" that the crime "had on the victim," as the case "involved a shooting in which the victim was shot in the leg."

On appeal, the Appellate Division modified the judgment "as a matter of discretion in the interest of justice" by vacating defendant's sentence and remitting for resentencing (*People v Flowers*, 97 AD3d 693 [2d Dept 2012]). The Court held, among other things, that "the remarks of the sentencing court demonstrated that it improperly considered a crime that was dismissed at trial for lack of legally sufficient evidence as a basis for sentencing" (*id.* at 693).

Defendant later appeared for resentencing before the same judge who imposed his original sentence. Defense counsel argued that defendant's prior record did "not justify an upward departure from th[e] minimum." Counsel also provided the court with a copy of defendant's prison records which, counsel argued, demonstrated "improved behavior." The People argued that the original sentence imposed by the court—20 years to life—should stand.

Supreme Court again sentenced defendant to an indeterminate term of 20 years to life. The court noted that defendant "had three prior felony convictions" as well as a prior parole violation, and that the probation report characterized defendant as "a significant risk to the safety of the community." With respect to the trial evidence, the court stated that "defendant was seen throwing a gun away after that gun had been fired," and that "[t]he evidence established that the gun had two spent

shell casings and that there were numerous other rounds in the gun which could have been fired from [it]." Defense counsel did not object.

Defendant appealed, arguing that the court had again improperly considered the dismissed counts. Defendant also argued that his counsel had been ineffective for failing to object to the court's imposition of the same term of imprisonment at his resentencing.

The Appellate Division unanimously affirmed (*People v Flowers*, 121 AD3d 1014 [2d Dept 2014]). The Court rejected "defendant's contention that the resentence imposed was improperly based on counts which were dismissed at trial for lack of legally sufficient evidence" as both unpreserved and without merit (*id.* at 1014). With regard to defendant's ineffective assistance claim, the Court held that "defense counsel's failure to register an objection to this claimed error at resentencing did not constitute ineffective assistance of counsel, as defense counsel could not have been ineffective for failing to advance an argument that had no chance of success" (*id.*).

A Judge of this Court granted defendant's application for leave to appeal (25 NY3d 1072 [2015]). We affirm.

On appeal, defendant claims that, by failing to impose a lesser sentence than it originally imposed, the resentencing court necessarily considered improper criteria—namely, the dismissed charges. While defendant concedes that this claim is unpreserved, he contends that it should be treated as a mode of proceedings error exempted from the preservation rule. Defendant also contends that he was denied effective assistance of counsel because his attorney failed to raise an objection at resentencing.

■ Initially, we reject defendant's contention that the court's reimposition of the same sentence amounts to a mode of proceedings error such that preservation was not required; the alleged error does not fall within this "narrow exception" to the preservation rule that is "reserved for the most fundamental flaws" (*People v Becoats*, 17 NY3d 643, 650-651 [2011]). Nor did the court "exceed[ ] its powers and impose[ ] a sentence that is illegal in a respect that is readily discernable from the trial record" (*People v Nieves*, 2 NY3d 310, 315 [2004]). Defendant was therefore required to preserve his argument at resentencing in order to raise it on appeal and, because he failed to do so, his claim is unreviewable (CPL 470.05 [2]).

Defendant's ineffective assistance claim is premised upon this single alleged error—counsel's failure to object at resentencing. In the "rare" case, "a single failing in an otherwise competent performance" may be "so egregious and prejudicial as to deprive a defendant of his constitutional right" to a fair trial (*People v Turner*, 5 NY3d 476, 480 [2005] [citations and internal quotation marks omitted]). To rise to that level, the alleged error must "involve an issue that is so clear-cut and dispositive that no reasonable defense counsel would have failed to assert it, and it must be evident that the decision to forgo the contention could not have been grounded in a legitimate trial strategy" (*People v Keschner*, 25 NY3d 704, 723 [2015]). Counsel will not be deemed ineffective for failing to pursue an argument that has "little or no chance of success" (*People v Caban*, 5 NY3d 143, 152 [2005] [citation and internal quotation marks omitted]). Defendant's ineffective assistance claim must therefore be rejected if "it is clear to the Court that the objection or contention that was omitted would not have been a 'winning argument' " (*Keschner*, 25 NY3d at 723).

Defendant's claim concerning his resentencing is not a winning argument. Defendant first contends that the court's failure to reduce his sentence raised a presumption that the court relied on improper criteria. Invoking *North Carolina v Pearce* (395 US 711 [1969]) and *People v Van Pelt* (76 NY2d 156 [1990])—cases establishing a presumption of vindictiveness where a defendant's sentence is increased following a successful appeal—defendant claims that a presumption should similarly apply where, absent new bad facts, the court reimposes the same term of imprisonment at a post-appeal resentencing.

Irrespective of its ultimate merit, this argument would require a novel and unprecedented statement of law; we have never applied a presumption that a sentencing court "relied on improper criteria" where, as here, the court imposed an identical—but not greater—sentence following an appeal. Counsel can hardly be deemed ineffective for failing to pursue such an uncertain claim (*People v Feliciano*, 17 NY3d 14, 28 [2011]), particularly where the Appellate Division unanimously determined that it "had no chance of success" (121 AD3d at 1014).

In any event, the presumption of vindictiveness applies only to "defendants who have won appellate reversals" who are "given *greater* sentences . . . than were imposed after their

initial convictions" (*People v Young*, 94 NY2d 171, 176 [1999] [emphasis added]). The presumption is inapplicable where, as here, the same term of imprisonment is imposed upon resentencing.

Defendant's argument to the contrary is grounded in a fundamental misapprehension of the nature of sentencing determinations. Contrary to defendant's claim, the sentencing court's reimposition of an identical sentence does not indicate that it "disregard[ed] a binding appellate determination" or that it necessarily relied on improper criteria. Rather, a resentencing court is entitled, on remittal, to perform a fresh sentencing calculation designed to "achieve its over-all sentencing goal" (*Young*, 94 NY2d at 180); the original sentence does not somehow assign "permanent" weight to any sentencing factor. Sentencing courts—and resentencing courts—must be given sufficient latitude to determine the relevant factors to be considered as well as the relevant weight to assign each factor. Accordingly, even after a sentencing court disregards factors that were improperly considered, a reduction is not required so long as the remaining factors continue to justify the previously-imposed sentence. Given "the State's interest in preserving the flexibility and discretion of sentencing courts" (*Van Pelt*, 76 NY2d at 162-163), a presumption is unwarranted under these circumstances.

Even in the absence of a presumption, a defendant may still obtain relief by demonstrating actual vindictiveness or continued reliance on improper criteria at resentencing (*Texas v McCullough*, 475 US 134, 138 [1986]). On this record, however, no such retaliatory conduct is apparent, nor is there any indication that the resentencing court improperly relied on dismissed charges. The facts considered by the court at resentencing were not improper insofar as they were not facts "exclusive to" the dismissed offenses (*People v Horne*, 97 NY2d 404, 413 [2002]). Rather, the evidence that the court mentioned during resentencing was directly relevant to the crime of conviction—second-degree criminal possession of a weapon (Penal Law § 265.03). Moreover, the court's earlier dismissal of the attempted murder and assault counts was based purely on its determination that the evidence was legally insufficient with regard to defendant's intent; that holding cast no doubt on the sufficiency or reliability of the proof that defendant had fired the gun.

In this case, the resentencing court provided on-the-record, permissible, and wholly nonvindictive reasons substantiating

defendant's sentence. Those reasons included defendant's three prior felony convictions, a prior parole violation, and a probation report characterizing defendant as "a significant risk to the safety of the community." The record therefore does not evince actual reliance on improper factors, or the type of retaliatory, vindictive conduct that a prophylactic presumption is designed to protect against. Because defendant's resentencing claim fails on its merit, defense counsel cannot be deemed ineffective for declining to assert it.

Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge DiFIORE and Judges PIGOTT, RIVERA, ABDUS-SALAAM, STEIN and FAHEY concur.

Order affirmed.