■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAZARO CASANOVA, Also Known as CUBA, Appellant. [60 NYS3d 503]──

Clark, J. Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered February 5, 2015, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree.

On February 26, 2012, during a controlled buy operation overseen by the Community Response Unit of the City of Albany Police Department, defendant allegedly sold heroin to a male confidential informant (hereinafter CI). Thereafter, on March 13, 2012 and again on March 19, 2012, defendant allegedly sold heroin to a different CI, this time a female, in two additional controlled buy operations. On March 28, 2012, nine days after the third controlled buy, defendant was arrested and a search of his person revealed that he was in possession of 14 glassine envelopes of heroin. Defendant was charged by three indictments, which Supreme Court (Breslin, J.) subsequently joined upon the People's motion with three counts of criminal sale of a controlled substance in the third degree, one count of criminal possession of a controlled substance in the third degree and one count of criminal possession of a controlled substance in the seventh degree. After a jury trial, defendant was convicted of two counts of criminal sale of a controlled substance in the third degree and one count of criminal possession of a controlled substance in the third degree and sentenced to an aggregate prison term of seven years, followed by three

years of postrelease supervision. Defendant thereafter appealed the judgment of conviction.

On appeal, this Court found that "various remarks made by the prosecutor during summation were so prejudicial in their cumulative effect that they operated to deny defendant his fundamental right to a fair trial" and that, therefore, reversal of the judgment of conviction and a new trial was required (*People v Casanova*, 119 AD3d 976, 977, 977-980 [2014]). This Court also held that a *Wade* hearing was necessary and directed that such hearing be held upon remittal (*id.* at 980).

Upon remittal, County Court (Lynch, J.) denied defendant's motion to sever the previously consolidated indictments and, after a *Wade* hearing, denied defendant's motion to suppress the male CI's pretrial identification of defendant. Following a jury trial, defendant was ultimately convicted of the same offenses—two counts of criminal sale of a controlled substance in the third degree and one count of criminal possession of a controlled substance in the third degree. Defendant was subsequently sentenced, as a second felony drug offender, to three concurrent prison terms of nine years, with three years of postrelease supervision. Defendant now appeals, and we affirm.

County Court did not err in denying defendant's motion to sever the indictments. "Offenses are joinable if, among other things, they are based upon different criminal transactions but defined by the same or similar statutory provisions, or if proof of either offense would be material and admissible as evidence-in-chief at the trial of the other offense" (*People v Rogers*, 94 AD3d 1246, 1248 [2012], *lv denied* 19 NY3d 977 [2012]; *accord People v Wells*, 141 AD3d 1013, 1015 [2016], *lv denied* 28 NY3d 1189 [2017]; *see* CPL 200.20 [2] [b], [c]). "If the offenses at issue were joined *solely* because they were based upon the same or similar statutes, a court may—'in the interest of justice and for good cause shown'—order that such offenses be tried separately" (*People v Raucci*, 109 AD3d 109, 117 [2013], *lv denied* 22 NY3d 1158 [2014], quoting CPL 200.20 [3]; *see People v Wells*, 141 AD3d at 1016). However, if the offenses are properly joined on any other basis, the trial court lacks the statutory authority to sever (*see People v Parbhudial*, 135 AD3d 978, 980 [2016], *lv denied* 27 NY3d 967 [2016]; *People v Raucci*, 109 AD3d at 117; *People v Rogers*, 94 AD3d at 1248; *see also* CPL 200.20 [3]).

Here, the indictments were properly joinable under CPL 200.20 (2) (c) because the charged offenses—namely, criminal sale of a controlled substance in the third degree (*see* Penal Law § 220.39 [1]) and criminal possession of a controlled

substance in the third degree (*see* Penal Law § 220.16 [1])—"are defined by the same or similar statutory provisions and consequently are the same or similar in law" (CPL 200.20 [2] [c]; *see People v Castle*, 251 AD2d 891, 892 [1998], *lv denied* 92 NY2d 923 [1998]). These offenses were also properly joinable under CPL 200.20 (2) (b) because evidence of defendant's past drug sales is admissible as evidence of his possession of a controlled substance with intent to sell (*see People v Morman*, 145 AD3d 1435, 1437 [2016], *lv denied* 29 NY3d 999 [2017]; *see generally People v Raucci*, 109 AD3d at 117). Accordingly, as the indictments were joinable under either CPL 200.20 (2) (b) or (c), County Court lacked the statutory authority to sever the indictments (*see People v Abdullah*, 133 AD3d 925, 928 [2015], *lv denied* 27 NY3d 990 [2016]).[1] Nor are we persuaded by defendant's assertion that the pretrial identification procedure used by police—a photo array—was unduly suggestive and that, therefore, the male CI's identification of him should have been suppressed. "A photo array is unduly suggestive if some characteristic of one picture draws the viewer's attention in such a way as to indicate that the police have made a particular selection" (*People v Yousef*, 8 AD3d 820, 821 [2004] [internal quotation marks and citations omitted], *lv denied* 3 NY3d 743 [2004]; *see People v Muniz*, 93 AD3d 871, 872 [2012], *lv denied* 19 NY3d 965 [2012]; *People v Lawal*, 73 AD3d 1287, 1288 [2010]). "Accordingly, the relevant characteristics of the individuals included in a photograph array must be sufficiently similar so as to not 'create a substantial likelihood that the defendant would be singled out for identification' " (*People v Lanier*, 130 AD3d 1310, 1312 [2015], *lv denied* 26 NY3d 1009 [2015], quoting *People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). While the People have the initial burden of establishing the reasonableness of police conduct and the absence of any undue suggestion, it is the defendant who bears the ultimate burden of proving that the pretrial identification procedure was unduly suggestive (*see People v Wells*, 141 AD3d at 1017; *People v Matthews*, 101 AD3d 1363, 1364 [2012], *lv denied* 20 NY3d 1101 [2013]).

At the *Wade* hearing, Kevin Meehan, a detective involved in the controlled buy operations and defendant's arrest, testified that he presented the male CI with a manila folder containing a six-photograph array, which was generated by a computer

---

**1.** Although defendant further argues that County Court erroneously relied on the doctrine of "law of the case" in denying his motion to sever, a complete reading of County Court's bench decision reveals that the court did in fact resolve the motion on the merits.

program that pulls photographs from a statewide mug-shot database. Meehan stated that he informed the male CI that he "may or may not know" a person depicted in the photo array and that, before the male CI looked at the photo array, Meehan stepped back, outside of the male CI's line of vision, so as to not influence the identification process. Meehan testified that the male CI then opened the manila folder and identified defendant as his dealer. The photo array contained six color, close-up photographs with similar backgrounds of six males of varying skin tones, all with short dark hair, similar facial features and expressions and appearing to be of the same general age and build. Our review of the photo array belies defendant's assertion that there is a "significant difference" in his photograph as compared to the remaining five photographs. There is no requirement that the other individuals depicted in the photo array be " 'nearly identical' " to the defendant (*People v Matthews*, 101 AD3d at 1364, quoting *People v Chipp*, 75 NY2d at 336). In our view, the physical characteristics of the six males depicted in the photo array are sufficiently similar so as to satisfy us that there was not a substantial likelihood that defendant would be singled out for identification (*see People v Ruiz*, 148 AD3d 1212, 1214 [2017]; *People v Wells*, 141 AD3d at 1017-1018; *People v Matthews*, 101 AD3d at 1364). Accordingly, County Court properly denied defendant's motion to suppress the male CI's pretrial identification.

Defendant further claims that Meehan usurped the jury's fact-finding role by offering opinion testimony that defendant possessed the 14 glassine envelopes—found on his person subsequent to his arrest—with an intent to sell. County Court properly permitted Meehan to testify, based upon his experience as a detective and a uniformed officer, as to the factors that police officers generally consider when determining whether to arrest an individual for possession of a controlled substance or possession of a controlled substance with intent to sell (*see e.g. People v Hartzog*, 15 AD3d 866, 866-867 [2005], *lv denied* 4 NY3d 831 [2005]; *People v Tarver*, 292 AD2d 110, 115 [2002], *lv denied* 98 NY2d 702 [2002]; *People v Wright*, 283 AD2d 712, 713 [2001], *lv denied* 96 NY2d 926 [2001]; *People v Davis*, 235 AD2d 941, 943 [1997], *lv denied* 89 NY2d 1010 [1997]). Indeed, the factors which typically distinguish a seller of narcotics from a user of narcotics are not within the common experience or knowledge of an average juror and, thus, expert opinion testimony on this topic " 'may be helpful to the jury in understanding the evidence presented and in resolving material factual issues' " (*People v Hartzog*, 15 AD3d at 867, quoting *People v Brown*, 97 NY2d 500, 505 [2002]). To the extent that it

was error for the court to allow the prosecutor to go further and question the detective as to his reasons for arresting defendant for criminal possession of a controlled substance with intent to sell,[2] we would, in any event, find any such error to be harmless, given the overwhelming evidence of defendant's possession with intent to sell (*see People v Salaam*, 46 AD3d 1130, 1131-1132 [2007], *lv denied* 10 NY3d 816 [2008]; *People v Berry*, 5 AD3d 866, 867 [2004], *lv denied* 3 NY3d 637 [2004]; *People v Tarver*, 292 AD2d at 115).

We similarly find no merit to defendant's contention that he was deprived of a fair trial as a result of comments made by the prosecutor during summation. Initially, contrary to defendant's assertion, the prosecutor did not improperly vouch for the credibility of the female CI by stating that the jury "saw [that] she was open about the questions that were asked of her" (*see People v Ruiz*, 8 AD3d 831, 832 [2004], *lv denied* 3 NY3d 711 [2004]; *People v Overlee*, 236 AD2d 133, 144 [1997], *lv denied* 91 NY2d 976 [1998]). In making such statement, the prosecutor repeatedly emphasized to the jurors that they were the judges of credibility and that the issue of the female CI's credibility was left to them to decide. Defendant failed to preserve his further challenge to the prosecutor's comment in summation concerning the male CI's history of working as a CI for various law enforcement agencies (*see* CPL 470.05 [2]; *People v Wynn*, 149 AD3d 1252, 1255 [2017]; *People v Clark*, 52 AD3d 860, 863 [2008], *lv denied* 11 NY3d 831 [2008]). If properly preserved, we would find that the prosecutor's comment was an isolated impropriety (*see People v Casanova*, 119 AD3d at 979; *cf. People v Oathout*, 21 NY3d 127, 131 [2013]) that did not deprive defendant of a fair trial (*see People v Wynn*, 149 AD3d at 1256; *People v Villalona*, 145 AD3d 625, 626 [2016], *lv denied* 29 NY3d 953 [2017]).

Lastly, defendant argues that he was unlawfully penalized for exercising his right to appeal because he received a harsher sentence upon retrial than was imposed after his initial conviction. In particular, after the first trial, defendant received an aggregate prison term of seven years, whereas, upon retrial, he received an aggregate prison term of nine years (*People v Casanova*, 119 AD3d at 977). "In order to insure that trial courts do not impose longer sentences to punish defendants for taking an appeal, a presumption of vindictiveness generally arises when defendants who have won appellate reversals are

---

**2.** We note that, while the prosecutor's question was specifically directed at the facts of this case, Meehan gave more generalized testimony regarding behavior that is typically attributed to narcotics dealers.

given greater sentences after their retrials than were imposed after their initial convictions" (*People v Young*, 94 NY2d 171, 176 [1999]; *see People v Brown*, 77 AD3d 1190, 1192 [2010]; *People v Hilliard*, 49 AD3d 910, 914 [2008], *lv denied* 10 NY3d 959 [2008]). To overcome this presumption, the trial court's reasons for imposing a more severe sentence " 'must affirmatively appear' " and " 'must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding' " (*People v Van Pelt*, 76 NY2d 156, 159 [1990] [emphasis omitted], quoting *North Carolina v Pearce*, 395 US 711, 726 [1969]; *see People v Martinez*, 26 NY3d 196, 199 [2015]).

To the extent that defendant argues that the imposition of a harsher sentence upon retrial constitutes a violation of his due process rights under the Federal Constitution, such claim fails because the sentence upon retrial was imposed by a different judge (*see Texas v McCullough*, 475 US 134, 140 [1986]; *People v Young*, 94 NY2d at 178; *People v Ocampo*, 52 AD3d 741, 742 [2008], *lv denied* 11 NY3d 792 [2008]; *People v Carroll*, 300 AD2d 911, 917 [2002], *lv denied* 99 NY2d 626 [2003]). "As a matter of State constitutional law, however, [the fact] that 'a different [j]udge impose[d] the second sentence is but a factor to be weighed with others in assaying whether the presumption has been overcome' " (*People v Young*, 94 NY2d at 178, quoting *People v Van Pelt*, 76 NY2d at 161). Here, the presumption of vindictiveness is overcome by County Court's on-the-record statement that, in imposing sentence, it had taken into consideration defendant's statements at sentencing—which the court found to be "painfully lacking [in] credibility"—and his "continued refusal to take responsibility for [his] actions" (*see People v Hughes*, 93 AD3d 889, 891 [2012], *lv denied* 19 NY3d 961 [2012]; *People v Carroll*, 300 AD2d at 917; *People v Horning*, 284 AD2d 916, 916 [2001], *lv denied* 97 NY2d 705 [2002]; *compare People v Hilliard*, 49 AD3d at 914-915). The presumption of vindictiveness having been overcome, we see no reason to disturb the sentence imposed by County Court.

Peters, P.J., Garry, Rose and Rumsey, JJ., concur. Ordered that the judgment is affirmed.