People v Hawkins (2018 NY Slip Op 08370)





People v Hawkins


2018 NY Slip Op 08370


Decided on December 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 6, 2018

108783

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ANDREW T. HAWKINS, Appellant.

Calendar Date: October 12, 2018

Before: Garry, P.J., Devine, Clark, Aarons and Pritzker, JJ.


Michael P. Graven, Owego, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (William D. VanDelinder of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the County Court of Chemung County (Rich Jr., J.), rendered March 11, 2016, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.
Defendant was charged in a multicount indictment with robbery in the first degree, assault in the second degree and grand larceny in the fourth degree stemming from an incident where he stole money and caused an injury to the victim. Prior to trial, defendant moved to suppress a witness's identification of him from a photo array. After a Wade hearing, County Court denied the suppression motion. Defendant thereafter pleaded guilty to robbery in the first degree in full satisfaction of the indictment but did not waive his right to appeal or to challenge County Court's suppression hearing order. County Court sentenced defendant, as a second violent felony offender, to a prison term of 14 years, to be followed by five years of postrelease supervision. Defendant appeals. We affirm.
Defendant argues that County Court erred in denying his motion to suppress. We disagree. An unduly suggestive pretrial identification procedure violates the due process rights of the accused (see People v Chipp, 75 NY2d 327, 335 [1990], cert denied 498 US 833 [1990]). "Although the People bear the burden of establishing the reasonableness of the police conduct and the lack of any undue suggestiveness in a pretrial identification procedure, it is the defendant who bears the ultimate burden of proving that the procedure was unduly suggestive" (People v Cole, 150 AD3d 1476, 1478 [2017] [internal quotation marks, brackets and citations omitted], lv denied 31 NY3d 1146 [2018]; see People v Chipp, 75 NY2d at 335; People v Casanova, 152 AD3d 875, 876 [2017], lvs denied 30 NY3d 948 [2017]; People v Reynoso-Fabian, 134 AD3d 1141, 1145 [2015]).
At the Wade hearing, an investigator with the City of Elmira Police Department testified that he met with the witness in order to show her a photo array. The investigator gave [*2]the witness some preliminary instructions and the witness indicated that she understood them. The investigator then showed the witness the array, which consisted of six photos, and asked her whether she recognized anyone, the number of the person if she did recognize someone and from where she recognized that person [FN1]. The investigator stated that, when presenting the array to the witness, he did not direct her attention to any particular photo. The witness reviewed the array and, within 10 seconds, identified defendant. In view of the foregoing, we find that the People satisfied their burden of demonstrating that the police conduct was reasonable and the lack of undue suggestiveness in the pretrial identification procedure (see People v Pleasant, 149 AD3d 1257, 1258 [2017], lv denied 30 NY3d 1022 [2017]; People v Wells, 141 AD3d 1013, 1017 [2016], lv denied 28 NY3d 1189 [2017]; People v Matthews, 101 AD3d 1363, 1364 [2012], lv denied 20 NY3d 1101 [2013]; People v Lawal, 73 AD3d 1287, 1287-1288 [2010]).
We are unpersuaded by defendant's assertion that the photo array was unduly suggestive. County Court found that the photographs looked "relatively similar" in that they all depicted black males similar in age and with similar hair and they all had facial hair. Our review of the photo array confirms the suppression court's findings, which are entitled to great weight (see People v Parker, 257 AD2d 693, 694 [1999], lvs denied 93 NY2d 1015, 1024 [1999]). As such, defendant's motion to suppress the pretrial identification was properly denied (see People v Marryshow, 162 AD3d 1313, 1314-1315 [2018]; People v Davis, 18 AD3d 1016, 1018 [2005], lv denied 5 NY3d 805 [2005]; People v Taylor, 300 AD2d 746, 747-748 [2002], lv denied 2 NY3d 746 [2004]). Defendant's remaining contentions, to the extent not specifically discussed herein, have been considered and are without merit.
Garry, P.J., Devine, Clark and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Another investigator, who had compiled the array, waited in the police vehicle while the witness was being interviewed.