People v Pastel (2026 NY Slip Op 00548)

People v Pastel

2026 NY Slip Op 00548

Decided on February 5, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 5, 2026

CR-22-2312
[*1]The People of the State of New York, Respondent,
vAnthony Pastel, Appellant.

Calendar Date:January 6, 2026

Before:Garry, P.J., Reynolds Fitzgerald, McShan, Powers and Mackey, JJ.

Bonjean Law Group, PLLC, Brooklyn (Jennifer Bonjean of counsel), for appellant.
Joseph Stanzione, District Attorney, Catskill (Danielle D. McIntosh of counsel), for respondent.

Powers, J.
Appeal from a judgment of the County Court of Greene County (Debra Young, J.), rendered July 8, 2022, convicting defendant upon his plea of guilty of the crime of assault in the second degree.
Defendant was charged in a three-count indictment with attempted murder in the second degree, assault in the second degree and endangering the welfare of a child stemming from allegations that he shoved the victim, with whom he had a personal relationship, against the walls of her residence and repeatedly punched her in the head with a closed fist while she held her 20-month-old child. This incident resulted in various injuries to the victim, including a skull fracture and subarachnoid hemorrhage of her brain. Defendant pleaded guilty to assault in the second degree and agreed to waive his right to appeal. County Court sentenced defendant to the maximum permissible prison term of seven years, to be followed by two years of postrelease supervision. Defendant appeals.
Defendant contends that the sentence was rendered unlawful and constitutionally defective by County Court's consideration of improper factors — including its consideration of and implicit application of the sentencing range for the attempted murder charge — and insufficient consideration of mitigating factors in imposing the sentence. As defendant neither "object[ed] to the sentence actually imposed or move[d] to withdraw his guilty plea," his challenge is unpreserved for appellate review (People v Olds, 36 NY3d 1091, 1092 [2021]; see CPL 470.05 [2]; People v Jenne, 224 AD3d 953, 958 [3d Dept 2024], lv denied 42 NY3d 927 [2024]; People v Coler, 214 AD3d 1207, 1207 [3d Dept 2023], lv denied 40 NY3d 1091 [2024]). Further, "the alleged error does not fall within th[e] narrow exception to the preservation rule [which] is reserved for the most fundamental flaws[, n]or did the court exceed its powers and impose a sentence that is illegal in a respect that is readily discernible from the trial record" (People v Flowers, 28 NY3d 536, 540 [2016] [internal quotation marks, brackets and citations omitted]; see People v Olds, 36 NY3d at 1092; People v Stephenson, 205 AD3d 1217, 1218-1219 [3d Dept 2022], lv denied 38 NY3d 1153 [2022]). Similarly, we decline defendant's request to take corrective action in the interest of justice (see CPL 470.15 [3] [c]).
Garry, P.J., Reynolds Fitzgerald, McShan and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.